operated it recklessly and carelessly so as to bring it in collision with another automobile, through which plaintiff received the injuries complained of. The Appellate Division held: " In taking plaintiff to his home, the driver of respondent's automobile was not acting in the discharge of the city's business. The act was beyond the authority of the municipal corporation. Section 282-e of the Highway Law does not impose any liability upon the city under the proof."

*Ralph G. Barclay* and *Louis Rothbard* for appellant.

*George P. Nicholson, Corporation Counsel* (*Joseph P. Reilly* of counsel), for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

WILLIAM M. PACK, Respondent, *v.* LINDE AIR PRODUCTS COMPANY, Appellant.

*Contract — services — action to recover for alleged wrongful discharge.*

*Pack* v. *Linde Air Products Co.*, 220 App. Div. 781, affirmed.

(Argued November 30, 1927; decided December 16, 1927.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered May 27, 1927, unanimously affirming a judgment in favor of plaintiff entered upon a verdict. The action was instituted to recover damages for breach of an oral contract of employment, the complaint alleging the making of such contract on or about March 14, 1922, for the term of one year at a yearly salary payable in monthly installments, the performance of the terms thereof, two successive renewals of the hiring by implication, each for the further period of one year, and defendant's wrongful discharge of plaintiff on August 1, 1924.

*Julian C. Harrison, De Witt V. D. Reiley, William E. Reinhardt* and *Ashley T. Cole* for appellant.

*Henry M. Flateau* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

FRANK P. DI RAFFAELE et al., Respondents, *v.* ALBERT GERKHARDT, Appellant.

*Appeal — discretionary orders — appeal to Court of Appeals dismissed.*

*Di Raffaele v. Gerkhardt,* 217 App. Div. 185, 187, appeal dismissed. (Submitted December 1, 1927; decided December 16, 1927.)

APPEAL from two orders of the Appellate Division of the Supreme Court in the first judicial department, entered June 4, 1926, one reversing an order of Special Term which granted a motion to set aside a settlement of an action and restored the case to the calendar and. the other reversing an order of Special Term which granted a motion to punish plaintiff for contempt.

*Maurice B. Rich* for appellant.

*John B. Coppola* and *Betty H. Kaye* for respondents.

Appeal dismissed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

FREDERICK VAN PATTER, as Administrator of the Estate of SHIRLEY VAN PATTER, Deceased, Respondent, *v.* CHARLES B. TOWNS HOSPITAL et al., Appellants.

*Negligence — hospitals — patient being treated for drug addiction permitted to enter drug store unattended — liability of hospital for death of patient from overdose of drug purchased.*

*Van Patter v. Towns Hospital,* 213 App. Div. 863, affirmed. (Submitted December 1, 1927; decided December 16, 1927.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 19, 1926, modifying and affirming as modified a judgment in favor of plaintiff entered upon a verdict in an action to recover for the death of plaintiff's intestate alleged to have been occasioned through the negligence